**MEMORANDUM ENDORSEMENT**

<u>Santana et al. v. Mount Vernon City School District et al.</u>, 20-cv-3212 (NSR)

The Court is in receipt of Defendants' pre-motion letter dated August 6, 2020, seeking leave of the Court to file their motion to dismiss the complaint. (ECF No. 27.) The Court has also received Plaintiffs' reply dated August 10, 2020. (ECF No. 28.)

The Court waives the pre-motion conference requirement and grants Defendants leave to file their motion to dismiss with the following briefing schedule: (1) Defendants' moving papers shall be served not filed September 30, 2020; (2) Plaintiffs' opposition papers shall be served not filed October 30, 2020; and (3) Defendants' reply papers shall be served November 16, 2020. **The parties are directed to file all motion documents on the reply date, November 16, 2020**.

The parties shall provide two (2) copies of their respective motion documents to Chambers on the date the documents are served upon their adversary.

The Clerk of Court is directed to terminate the motion at ECF No. 27.

Dated: August 19, 2020

White Plains, NY

SO ORDERED.

Nelson S. Román, U.S.D.J.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 08/19/2020

SILVERMAN | ATTORNEYS
&ASSOCIATES | AT LAW

August 6, 2020

**Via ECF**
The Honorable Nelson S. Roman
United States District Court
Southern District of New York
300 Quarropas Street
White Plains, New York 10601-4150

Re:    *Santana and Duffy v. Mount Vernon CSD, et al.*
Docket No.: 20 CV 03212 (NSR)
Our File No.: 5001.542

Dear Judge Roman:

We represent the Defendants in this matter and write, pursuant to Your Honor's individual rules, to respectfully request that Your Honor schedule a pre-motion conference to discuss the District Defendant's anticipated motion to dismiss the Complaint for failure to state a claim under any of the Statutes cited therein.

As the Complaint indicates, the Plaintiffs are tenured Teachers in the Mount Vernon City School District who are also disabled and have been disabled since before they were hired by the District and granted tenure. In the Complaint, Plaintiffs set forth a litany of alleged slights going back almost ten years and attribute those grievances to their disabilities and their ages. At the same time, however, the Complaint does not contain any facts that support claims that are plausible on their face. Rather, the Complaint identifies alleged adverse actions and then asserts without any factual support that those actions are due to membership in protected classes. As Defendants will discuss below and in greater detail in its Motion papers, these conclusory assertions are insufficient under FRCP 12 and as a result the allegations should be dismissed.

**Plaintiffs' Claims Under The ADA**

Plaintiffs' first claim for relief is asserted under the Americans with Disabilities Act ("ADA") and is based upon allegations that both Plaintiffs have been discriminated against, denied accommodations and subjected to a hostile work environment due to their respective disabilities and then retaliated for seeking accommodations. The Defendants' Motion will set forth several grounds for dismissal of those claims.

First, Defendants will set forth why the majority of the allegations set forth on the Complaint are either time-barred or should be dismissed due to a failure by the Plaintiffs to exhaust administrative remedies. Specifically, most of the allegations set forth in the Complaint

*Santana & Duffy v. Mt. Vernon CSD*
*Our File No.: 5001.542*
*August 6, 2020*
*Page 2*

were not asserted in the EEOC Complaints referenced in the Complaint.  Moreover, while the allegations related to Plaintiff Duffy refer to incidents going back as far as 2011, the EEOC Complaint cited by Plaintiff was not filed until January 2020, and so it is not possible that many of those claims, assuming they referred to events between 2011 and 2019, were timely and Defendants will set forth why those allegations cannot be rescued through a continuing violation theory.  At the same time, while Plaintiff Santana's NYSDHR Complaint cited to the alleged denial of an appointment to a Librarian position, the Complaint did not refer to any of the other allegations that are now asserted in the Complaint.  As such, those claims should also be dismissed for failure to exhaust administrative remedies.

Finally, the Complaint fails to plead any facts plausibly supporting Plaintiffs' ADA claims.  Specifically, the Complaint identifies alleged disabilities and identifies alleged adverse actions and other slights, real or perceived, but does not contain any facts that provide any link, let alone a plausible suggestion of one, between those disabilities and the alleged adverse actions. For example, while the Complaint refers to a lack of equipment (Complaint at Paras. 29-30) as well as class size and assignments that included students with learning challenges (Complaint at Paras. 40-42), the Complaint does not set forth any facts explaining how those conditions impacted Plaintiffs' allege disabilities or why requests regarding those conditions constituted accommodations under the ADA.

## Plaintiffs' Claims Under The ADEA

Plaintiffs' second claim for relief is asserted on behalf of both Plaintiffs based upon allegations that their rights were violated under the Age Discrimination in Employment Act ("ADEA").  Specifically, both Plaintiffs claim that they have been discriminated against and subjected to a hostile work environment and retaliated against for opposing age-based discrimination.  As Defendants will set forth in their Motion, these claims should be dismissed. Specifically, the Complaint contains absolutely no facts suggesting any link between the Plaintiffs' age and the alleged adverse actions.  Rather, the Complaint identifies alleged adverse actions and asserts a claim under the ADEA.  As it is well settled that such conclusory assertions are insufficient to state a claim under the Statute, Plaintiffs' claims should be dismissed.  See *Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167, 177 (2009)(recognizing that the ADEA requires a plaintiff to assert that her age is the "but-for" cause of the alleged adverse employment action); see also *Nielsen v. Rabin*, 746 F.3d 58, 63 (2nd Cir. 2014)("[W]e are not required to credit conclusory allegations or legal conclusions couched as factual . . . allegations.")

## Plaintiff Duffy's Claims Under The NYSHRL

The third claim for relief in Plaintiffs' Complaint is asserted on behalf of Plaintiff Duffy under the disability and age discrimination protections afforded by the NYSHRL.  As Defendants will set forth in their Motion To Dismiss, these claims should be dismissed due to Plaintiff Duffy's failure to satisfy the requirements of the State Education and Municipal Laws. First, New York State Education Law mandates that no claim against a school or any officer "unless it shall appear by and as an allegation in the complaint  . . . that a written verified claim



*Santana & Duffy v. Mt. Vernon CSD*
*Our File No.: 5001.542*
*August 6, 2020*
*Page 3*

upon which such action or special proceeding is found was presented to the governing body of said district or school within three months after the accrual of such claim." (Edu. Law § 3813(1)). The Plaintiffs' Complaint fails to allege, nor could it, that a timely Notice of Claim was filed on behalf of Duffy.

## Plaintiff Santana's Claim For Injunctive Relief Under The NYSHRL

The fourth claim for relief is asserted on behalf of Plaintiff Santana and seeks injunctive relief placing Plaintiff in a Librarian position in the Mount Vernon High School. As Defendants will set forth in their motion, this claim should be dismissed. First, "It is well settled that federal courts may not grant declaratory or injunctive relief against a state agency based on violations of state law." *Murtha v. New York State Gaming Comm'n,* No. 17 CIV. 10040 (NSR), 2019 WL 4450687, at *19 (S.D.N.Y. Sept. 17, 2019)(citing *Bad Frog Brewery, Inc. v. N.Y. State Liquor Auth.*, 134 F.3d 87, 93 (2d Cir. 1998)). Second, even if the claim is not dismissed for that reason the claim should be dismissed for many of the same reasons set forth above, namely the failure of the Complaint to plead any facts suggesting that a placement in a Librarian position is linked to a disability as opposed to representing a preference by Santana to be appointed to that position.

Accordingly, Defendants respectfully request that Your Honor schedule a conference to address these issues further or, in the alternative, grant Defendants leave to submit its Motion pursuant to a briefing schedule agreed to by the parties.

Thank You for Your attention to this matter.

Respectfully Submitted,

**SILVERMAN & ASSOCIATES**

Gerald S. Smith

CC:    **Via ECF and Electronic Mail**
Glass Harlow & Hogrogian LLP
Attn:   Bryan Glass, Esq.
85 Broad Street
18th Floor (@ WeWork)
New York, NY 10004

**SILVERMAN** | ATTORNEYS
**& ASSOCIATES** | AT LAW