UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
RAY SANTANA and BRENDAN DUFFY,


                Plaintiffs,

                                     Case No. 7:20-cv-03212-(NSR)

       -v-


MOUNT VERNON CITY SCHOOL
DISTRICT/BOARD OF EDUCATION; KENNETH
HAMILTON, Superintendent of Schools; DENISE
GAGNE-KURPIEWSKI, Assistant Superintendent
for Human Resources; FELICIA GAON, Director of
Student Services; RONALD GONZALEZ, Mount
Vernon High School Principal; PAULINE
PALMER-PEARCE, Mount Vernon High School
Assistant Principal; ERICA NAUGHTON, Mount
Vernon High School Mathematics Department
Supervisor; SATISH JAGNANDAN, District
Supervisor of Mathematics and Science.

                         Defendants.

----------------------------------------------------------------X


### MEMORANDUM OF LAW IN SUPPORT OF
### MOTION TO DISMISS PLAINTIFF'S COMPLAINT

                               SILVERMAN & ASSOCIATES
                               Attorneys for Defendants
                               445 Hamilton Avenue, Suite 1102
                               White Plains, NY 10601
                               (914) 574-4510

*Of Counsel:*
    *Gerald S. Smith*
    *Amanda E. D'Amico*

# TABLE OF CONTENTS

PRELIMINARY STATEMENT .................................................................................... 1

STATEMENT OF FACTS .......................................................................................... 1

STANDARD OF REVIEW .......................................................................................... 1

ARGUMENT ............................................................................................................ 3

POINT I:    PLAINTIFFS' CLAIMS UNDER THE ADA AND ADEA ARE
            UNTIMELY ........................................................................................ 3

   A.    Plaintiff Duffy .................................................................................... 3

   B.    Plaintiff Santana ............................................................................... 4

POINT II: PLAINTIFFS' CLAIMS UNDER THE ADA FAIL TO STATE PLAUSIBLE
          CLAIMS FOR RELIEF ........................................................................... 5

   A.    Failure to Accommodate ...................................................................... 5

      1.    Plaintiff Duffy Has Alleged No Timely Acts Concerning a Failure to
            Accommodate His Disability .......................................................... 6

      2.    Plaintiff Santana Fails to Plead Timely, Plausible Claims For Failure
            to Accommodate His Disability ...................................................... 6

   B.    Plaintiffs' Retaliation Claims Are Equally Unavailing ......................... 10

   C.    Hostile Work Environment .................................................................. 13

      1.    Plaintiff Duffy ............................................................................ 13

      2.    Plaintiff Santana ........................................................................ 14

POINT III:   PLAINTIFFS' CLAIMS UNDER THE ADEA SHOULD BE DISMISSED
             ........................................................................................................ 14

   A.    Plaintiffs Fail to State Any Plausible Connection Between Alleged
         Discriminatory Acts and Their Age .................................................... 16

   B.    Hostile Work Environment .................................................................. 17

   C.    Retaliation ....................................................................................... 18

POINT IV:   PLAINTIFF DUFFY'S CLAIMS UNDER THE NYSHRL SHOULD BE
            DISMISSED ....................................................................................... 19

   A.    Plaintiff Has Not Complied With The Notice Requirements Of New York
         State Municipal And Education Laws .................................................. 19

   B.    The Complaint Fails To State A Claim Under The NYSHRL .................. 20

   C.    The Claims Against The Individual Defendants Should Be Dismissed ...... 21

CONCLUSION ........................................................................................................ 25

# TABLE OF AUTHORITIES

Page(s)

Cases

*United States v. New York City Dep't of Educ.,* 2017 WL 435940
(S.D.N.Y. Jan. 31, 20, *adopted by* 2017 WL 1319695 (S.D.N.Y. Apr. 4, 2017) ........................ 20

*Ahmed v. Town of Oyster Bay,*
7 F. Supp. 3d 245 (E.D.N.Y. 2014) .............................................................................................. 3

*Alfano v. Costello,*
294 F.3d 365 (2d Cir. 2002) ............................................................................................... 13, 14

*Ashcroft v. Iqbal,*
556 U.S. 662 (2009) .......................................................................................................... 1, 2

*Bell Atlantic Corp. v. Twombly,*
550 U.S. 544 (2007) ..................................................................................................... 1, 2, 10

*Belpasso v. City of New York,*
2008 WL 2676579 (S.D.N.Y. July 2, 2008) ............................................................................. 20

*Boonmalert v. City of New York,*
721 F. App'x 29 (2d Cir. 2018) ................................................................................................. 23

*Brady v. Wal–Mart Stores, Inc.,*
531 F.3d 127 (2d Cir. 2008) ....................................................................................................... 5

*Brennan v. Metropolitan Opera Ass'n, Inc.,*
192 F.3d 310 (2d Cir. 1999) ..................................................................................................... 17

*Burlington N. & Santa Fe Ry. Co. v. White,*
548 U.S. 53 (2006) .................................................................................................................... 11

*Camarillo v Carrols Corp.,*
518 F3d 153 (2d Cir. 2008) ...................................................................................................... 21

*Cherry v. City of New York,*
381 F. App'x 57 (2d Cir. 2010) ................................................................................................... 4

*Cooper v. Pate,*
378 U.S. 546 (1964) ................................................................................................................... 2

*Crawford v. Medina Gen. Hosp.,*
96 F.3d 830 (6th Cir. 1996) ...................................................................................................... 15

*Dooley v. Jet Blue Airways Corp.,*

636 F. App'x 16 (2d Cir. 2015) ........................................................................ 7, 11

*Elmenayer v. ABF Freight Sys., Inc.,*
    318 F.3d 130 (2d Cir.2003) ..................................................................... 4, 5

*Erickson v. Pardus,*
    551 U.S. 89 (2007) ....................................................................................... 2

*Falchenberg v. New York City Dept. of Educ.,*
    375 F Supp 2d 344 (S.D.N.Y.2005) ......................................................... 20

*Fox v. Costco Wholesale Corp.,*
    918 F.3d 65 (2d Cir. 2019) ........................................................................ 13

*Gindi v. Bennett,*
    2016 WL 398184 (E.D.N.Y. Feb. 1, 2016) ................................................. 4

*Gomez v. New York City Police Dep't,*
    191 F. Supp. 3d 293 (S.D.N.Y. 2016) ........................................................ 4

*Gordon v. N.Y. City Bd. of Educ.,*
    232 F.3d 111 (2d Cir. 2000) ...................................................................... 11

*Graves v. Finch Pruyn & Co.,*
    457 F.3d 181 (2d Cir. 2006) ........................................................................ 5

*Gross v. FBL Fin. Servs., Inc.,*
    557 U.S. 167 (2009) ................................................................................... 15

*Harris v. City of New York,*
    186 F.3d 243 (2d Cir. 1999) ........................................................................ 4

*Hey v. Town of Napoli,*
    265 A.D.2d 803, 695 N.Y.S.2d 643 (4th Dept. 1999) .............................. 19

*Holt v. KMI–Continental, Inc.,*
    95 F.3d 123 (2d Cir. 1996) ........................................................................ 18

*In re Elevator Antitrust Litig.,*
    502 F.3d 47 (2nd Cir. 2007) ........................................................................ 2

*Irvine v. Video Monitoring Servs. of Am., L.P.,*
    2000 WL 502863 (S.D.N.Y. Apr. 27, 2000) ............................................. 15

*Jackan v. New York State Dep't of Labor,*
    205 F.3d 562 (2d Cir. 2000) .................................................................... 6, 7

*Jeanty v. Precision Pipeline Solutions, et al*, No. 18 CV 7721 (VB),
2019 WL 3532157 (S.D.N.Y. Aug. 2, 2019) ............................................................ 23

*Jute v. Hamilton Sundstrand Corp.*,
420 F.3d 166 (2d Cir. 2005) ..................................................................................... 11

*Kaytor v. Electric Boat Corp.*,
609 F.3d 537 (2d Cir. 2010) ..................................................................................... 13

*Laface v. E. Suffolk BOCES*,
2019 WL 1959489 (E.D.N.Y. May 2, 2019) ........................................................... 17

*Lewis v. Boehringer Ingelheim Pharm., Inc.*,
79 F. Supp. 3d 394 (D. Conn. 2015) ........................................................................ 11

*Malena v. Victoria's Secret Direct, LLC*,
886 F. Supp. 2d 349 (S.D.N.Y. 2012) ...................................................................... 21

*Matter of United Nations Dev. Corp. v. Norkin Plumbing Co.*,
45 N.Y.2d 358, 408 N.Y.S.2d 424 (1978) ............................................................... 19

*McBride v. BIC Consumer Products Mfg. Co., Inc.*,
583 F.3d 92 (2d Cir. 2009) ................................................................................ 5, 6, 7

*Memnon v. Clifford Chance US, LLP*,
667 F. Supp. 2d 334 (S.D.N.Y. Oct. 27, 2009) ....................................................... 16

*Miller v. Wolpoff & Abramson, L.L.P.*,
321 F.3d 292 (2d Cir. 2003) ....................................................................................... 2

*Nielsen v. Rabin*,
746 F.3d 58 (2d Cir. 2014) ....................................................................................... 15

*Ochei v. The Mary Manning Walsh Nursing Home Co.*,
2011 WL 744738 (S.D.N.Y. Mar. 1, 2011) ............................................................. 16

*Pani v. Empire Blue Cross Blue Shield*,
152 F.3d 67 (2d Cir. 1998) ......................................................................................... 3

*Parisi v. Coca-Cola Bottling Co. of New York*,
995 F. Supp. 298 (E.D.N.Y. 1998) aff'd, 172 F.3d 38 (2d Cir. 1999) ...................... 9

*Peterson v. New York City Dep't of Educ.*,
2020 WL 2559835 (E.D.N.Y. May 20, 2020) ......................................................... 20

*Rodal v. Anesthesia Group of Onondaga, P.C.*,
369 F.3d 113 ............................................................................................................. 21

*Rojas v. Roman Catholic Diocese of Rochester,*
    660 F.3d 98 (2d Cir. 2011) ................................................................................ 21

*Roth v. Jennings,*
    489 F.3d 499 (2d Cir. 2007) ................................................................................ 3

*Ruotolo v. City of New York,*
    514 F.3d 184 (2d Cir. 2008) ................................................................................ 2

*Scalercio-Isenberg v. Morgan Stanley Servs. Grp. Inc.,*
    2020 WL 4547317 (S.D.N.Y. Aug. 6, 2020) ...................................................... 16

*Sira v. Morton,*
    380 F.3d 57 (2d Cir. 2004) .................................................................................. 3

*Slattery v. Swiss Reinsurance Am. Corp.,*
    248 F.3d 87 (2d Cir. 2001) ................................................................................ 18

*Soto v. Marist Coll.,*
    2019 WL 2371713 (S.D.N.Y. June 5, 2019) ...................................................... 16

*Strauss v. New York State Dep't of Educ.,*
    26 A.D.3d 67, 805 N.Y.S.2d 704 (3rd Dept. 2005) ........................................... 23

*Terry v. Ashcroft,*
    336 F.3d 128 (2d Cir. 2003) .............................................................................. 15

*Tiberio v. Allergy Asthma Immunology of Rochester,*
    664 F.3d 35 (2d Cir. 2011) .................................................................................. 3

*United States v. New York City Dep't of Educ.,*
    2017 WL 435940 (S.D.N.Y. Jan. 31, 2017) ....................................................... 20

*Weisel v. City of New York,*
    24 Misc. 3d 1224(A), 897 N.Y.S.2d 673 (Sup. Ct. 2009) .................................. 20

*Xiang v. Eagle Enterprises, LLC,*
    2020 WL 248941 (S.D.N.Y. Jan. 16, 2020) ................................................... 21, 22

Yusuf v. Vassar Coll.,
    35 F.3d 709 (2d Cir. 1994) ................................................................................ 16

**Statutes**

42 U.S.C. § 2000e-5(e)(1) ........................................................................................ 3

42 U.S.C. § 2000e-(5) ................................................................................................ 4

42 U.S.C. § 12111(8) ................................................................................................ 5

42 U.S.C. § 12112(b)(5)(A) ...................................................................................... 5

42 U.S.C. § 12117(a) ................................................................................................ 4

N.Y. Education Law § 3813 ...................................................................................... 20

N.Y. Executive Law § 296 ........................................................................................ 20

N.Y. Executive Law § 296(6) .................................................................................... 23

N.Y. Education Law § 2554(2) .................................................................................. 21

N.Y. General Municipal Law §50-e ........................................................................... 19

**Rules**

Fed. R. Civ. P. 8(a)(2) ........................................................................................... 1, 2

Fed. R. Civ. P. 11 ...................................................................................................... 3

Fed. R. Civ. P. 12(b)(5) ............................................................................................ 22

Fed. R. Civ. P. 12(b)(6) .......................................................................................... 1, 2

**Regulations**

29 C.F.R. § 1630.2(m) .............................................................................................. 7

## PRELIMINARY STATEMENT

Defendants Mount Vernon City School District and Board of Education, Kenneth Hamilton, Denise Gagne-Kurpiewski, Felicia Gaon, Ronald Gonzalez, Pauline Palmer-Pierce, Erica Naughton, and Satish Jagnandan (collectively the "Defendants") by their attorneys, Silverman & Associates, respectfully submit this Motion to Dismiss, with prejudice, the Plaintiffs' Complaint for failing to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, and for such other and further relief as this Court deems appropriate. As is set forth below, the Complaint is devoid of facts that plausibly suggest that Plaintiffs have established the prima facie elements of their claims.

## STATEMENT OF FACTS

Since this is a motion brought pursuant to Fed. R. Civ. P. 12(b)(6), the underlying facts in Plaintiffs' Complaint are all construed as true and, as a result, are of limited relevance to the arguments in this motion. Indeed, it is the facts that are absent from the Complaint that are truly relevant to this motion. Therefore, Defendants respectfully refer the Court to the Complaint itself for a full recitation of the alleged facts and will refer to specific assertions in the Complaint when appropriate.[1]

## STANDARD OF REVIEW

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) requires a court to evaluate the facial sufficiency of a pleading using a standard which "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation" in order to withstand scrutiny. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Under Fed. R. Civ. P. 8(a)(2), "a pleading must contain a 'short and plain statement of the claim showing

---

[1] A copy of Plaintiffs' Complaint is attached at Exhibit ("Ex.") A to the Declaration of Gerald S. Smith (the "Smith Dec.").

that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 677–78 (quoting Fed. R. Civ. P. 8(a)(2)). However, mere "labels and conclusions" or "naked assertion[s]" devoid of "further factual enhancement" do not suffice. *See Id.* at 679 ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."). In deciding a Fed. R. Civ. P. 12(b)(6) motion to dismiss, the Court must accept the material facts alleged in the complaint as true and draw all inferences in favor of the non-moving party. *Erickson v. Pardus*, 551 U.S. 89, 94, (2007) (citing *Twombly*, 550 U.S. at 555–56); *see also Cooper v. Pate*, 378 U.S. 546 (1964); *Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 300 (2d Cir. 2003). However, Courts need not accept all legal conclusions contained in a complaint as true. *Iqbal*, 556 U.S. at 678.

In order to sustain a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570); *see also Ruotolo v. City of New York*, 514 F.3d 184, 188 (2d Cir. 2008). As the Second Circuit has observed, "[w]hile *Twombly* does not require heightened fact pleading of specifics, it does require enough facts to 'nudge plaintiffs' claims across the line from conceivable to plausible.'" *In re Elevator Antitrust Litig.*, 502 F.3d 47, 50 (2d Cir. 2007) (quoting *Twombly*, 550 U.S. at 570) (alterations omitted). Further, "[w]here a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility to entitlement to relief.'" *Id.* Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, fail to state a claim. *Id.* (citing *Twombly*, 550 U.S. at 555).

In deciding a motion to dismiss, Courts may properly consider the allegations of the complaint and documents attached to it or incorporated in it by reference, documents that are "integral to the complaint and relied upon in it," documents of which plaintiff has knowledge or

possession and relied on in framing the complaint, and matters of public record of which judicial

notice may be taken. *Roth v. Jennings*, 489 F.3d 499, 509 (2d Cir. 2007); *Sira v. Morton*, 380 F.3d

57, 67 (2nd Cir. 2004); *Pani v. Empire Blue Cross Blue Shield*, 152 F.3d 67, 75 (2d Cir. 1998);

*Ahmed v. Town of Oyster Bay*, 7 F. Supp. 3d 245, 253 (E.D.N.Y. 2014).[2]

## ARGUMENT

**POINT I:** **PLAINTIFFS' CLAIMS UNDER THE AMERICANS WITH DISABILITIES ACT ("ADA") AND AGE DISCRIMINATION AND EMPLOYMENT ACT ("ADEA") ARE UNTIMELY**

At the outset, many of Plaintiffs' claims under the ADA and ADEA are untimely and

therefore should be dismissed.

### A. **Plaintiff Duffy**

Duffy alleges that he filed a complaint with the EEOC on or about April 9, 2011 alleging

discrimination under the ADA based upon a failure to accommodate his disability.  Ex. A. at ¶ 83.

Notably, the Complaint does not allege that Plaintiff ever received a right to sue letter from the

EEOC, however assuming that he did any lawsuit based upon those allegations should have been

filed within ninety days of receipt of that letter. *See* 42 U.S.C. § 2000e-5(e)(1); *see also Tiberio v.

Allergy Asthma Immunology of Rochester*, 664 F.3d 35, 36 (2d Cir. 2011).  Defendants submit that

any claims in this lawsuit that are duplicative of those that were asserted in the April 2011 EEOC

Complaint have now been waived.

Additionally, any claims based upon events that took place prior to March 29, 2019, or

---

[2] For example, in the instant case, Plaintiff Santana appeared for a 50-h examination prior to filing this instant action.  As such, Defendants respectfully submit that it is appropriate for the Court to consider that testimony in connection with this action.  This is especially true because portions of that testimony directly contradict some of the allegations in Plaintiffs' Complaint, and consideration of that testimony is necessary in order to determine whether the allegations in Plaintiffs' Complaint satisfy the good faith pleading requirements of Fed. R. Civ. P. 11.  A copy of the transcript of Santana's 50-h examination is attached at Exhibit B to the Smith Dec, and relevant portions of that testimony are cited to herein.

three hundred days before the January 23, 2020 EEOC Complaint was filed, are time barred. *See* 42 U.S.C. § 12117(a) (adopting the filing requirements of 42 U.S.C. § 2000e-(5)); see also *Cherry v. City of New York*, 381 F. App'x 57, 58 (2d Cir. 2010) (affirming dismissal of ADA claims as untimely where plaintiff failed to file EEOC charge within 300 days of alleged discriminatory conduct); *see also Harris v. City of New York*, 186 F.3d 243, 247-48 (2d Cir. 1999); *Gindi v. Bennett*, 2016 WL 398184, at *2 (E.D.N.Y. Feb. 1, 2016). While Plaintiff will presumably argue that otherwise time barred claims are recoverable under a continuing violation theory, it is well settled that a continuing violation theory cannot be used to rescue discrete acts of discrimination and/or retaliation such as those alleged in Paragraphs 82, 98, 104, 133, and 137 through 139 of the Complaint. *See Elmenayer v. ABF Freight Sys., Inc.*, 318 F.3d 130, 134–35 (2d Cir.2003) (Second Circuit held that "an employer's rejection of an employee's proposed accommodation for religious practices" is a discrete act that "does not give rise to a continuing violation" and must be challenged within 300 days of the rejection itself); *see also Gomez v. New York City Police Dep't*, 191 F. Supp. 3d 293, 302 (S.D.N.Y. 2016)(applying *Elmenayer* to failure to accommodate claims under the ADA)(*collecting cases*).

In short, Plaintiff Duffy filed a complaint with the EEOC in April 2011 but apparently chose not to pursue those allegations, then filed a second complaint in January 2020, and now seeks to use this lawsuit to seek recovery for everything that has happened to him since before the April 2011 complaint was filed.  This effort runs counter to the well settled Statutes of Limitations governing Plaintiff's claims and any claims that ran afoul of those limitations should be dismissed.

**B. <u>Plaintiff Santana</u>**

Similarly, any claims asserted by Plaintiff Santana based upon events that took place prior to June 5, 2018, or three hundred days prior to the April 1, 2019 EEOC Complaint, should be

dismissed as untimely.  As with Plaintiff Duffy, the time barred allegations consist of discrete acts of alleged discrimination and retaliation that cannot be rescued through a continuing violation theory. *Elmenayer*, 318 F.3d at 134–35.

## POINT II:  PLAINTIFFS' CLAIMS UNDER THE ADA FAIL TO STATE PLAUSIBLE CLAIMS FOR RELIEF

Plaintiffs both allege the District violated their rights under the ADA by (1) failing to make reasonable accommodations, (2) retaliating against them for seeking disability-related accommodations, and (3) subjecting them to a hostile work environment. Ex. A. at ¶ 146-149.  As set forth in Defendants' Memorandum, at Point I, *supra*, most of Plaintiffs' ADA claims are untimely and must be dismissed.  For any remaining claims, however, Plaintiffs fail to plausibly allege violations of the ADA, and therefore those claims also warrant dismissal.

### A.  Failure to Accommodate

Discrimination in violation of the ADA can include "not making reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability" (42 U.S.C. § 12112(b)(5)(A); see also *McBride v. BIC Consumer Products Mfg. Co., Inc.*, 583 F.3d 92, 96 (2d Cir. 2009); *Brady v. Wal–Mart Stores, Inc.*, 531 F.3d 127, 134 (2d Cir. 2008)) where a "qualified individual" is "an individual who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." 42 U.S.C. § 12111(8).

In light of this substantive standard, to establish a prima facie failure to accommodate claim, a plaintiff must show: (1) he is disabled within the meaning of the ADA; (2) his employer had notice of his disability; (3) he could perform the essential functions of the job with reasonable accommodation; and (4) his employer refused to make such accommodations. *See Graves v. Finch Pruyn & Co.*, 457 F.3d 181, 184 (2d Cir. 2006). Among the accommodations that an employee

can request is a transfer to a vacant position that the employee is able to perform. *McBride*, 583 F.3d at 96 (*citing Jackan v. New York State Dep't of Labor*, 205 F.3d 562, 566-67 (2d Cir. 2000)). The Plaintiff has the burden of establishing the existence of such a vacancy. *Id.* at 566.

### 1. Plaintiff Duffy Has Alleged No Timely Acts Concerning a Failure to Accommodate His Disability

As set forth in Defendants' Memorandum at Point I, *supra*, any of Plaintiff Duffy's claims that are based upon events that took place prior to March 29, 2019, or three hundred days before the January 23, 2020 EEOC Complaint was filed, are time barred.  As for any alleged violations taking place on or after March 29, 2019, Plaintiff Duffy has alleged no facts concerning any failure(s) by the District to reasonably accommodate his disability.  Therefore, any argument by Plaintiff Duffy that the District failed to reasonably accommodate him in violation of the ADA must be rejected.

### 2. Plaintiff Santana Fails to Plead Timely, Plausible Claims For Failure to Accommodate His Disability

As for Plaintiff Santana, he is barred from alleging violations based on events that occurred prior to June 5, 2018, or more than three hundred days before the filing of his April 1, 2019 EEOC Complaint.  *See* Defs.' Mem., Point I.B., at p. 4.  With respect to any remaining allegations, however, it is clear from the face of Plaintiff's Complaint that he has failed to allege any plausible "failure to accommodate" claims.  As, such his ADA cause of action should be dismissed.

#### i. *Librarian Position*

In his Complaint, Plaintiff Santana alleges that the District refused to accommodate his disability by "not considering him for a librarian position despite multiple openings for such positions with the District." Ex. A. at ¶ 59.  However, as set forth below, Plaintiff's arguments fail because not only does he fail to allege he ever requested reassignment to a school librarian position

he has also not alleged that he was *qualified* for such position. *See McBride*, 583 F.3d at 96 (emphasis added).

First, while Mr. Santana alleges that he made requests for reasonable accommodations "on or about October 8, 2019," none of the accommodations that he requested (*See* Ex. A. at ¶¶ 52-53) included reassignment to a school librarian position, nor is it alleged anywhere in the Complaint that Santana ever requested to be reassigned as a school librarian as a reasonable accommodation. *See* Ex. A. at ¶¶ 17-78; *see also Dooley v. Jet Blue Airways Corp.*, 636 F. App'x 16, 18–19 (2d Cir. 2015) (finding employer cannot refuse to make accommodation that it was never asked to make).

Next, even if the Complaint could somehow be construed to allege that a vacant librarian position existed at the time Santana requested accommodations for his disability, the Complaint clearly fails to state that Plaintiff was qualified for such position. *Jackan,* 205 F.3d at 566-577.  As the Second Circuit pointed out in *McBride*, the EEOC regulations indicate that, to be qualified for a position, a plaintiff must "satisif[y] the requisite skill, experience, education and other job-related requirements of the employment position." *McBride*, 583 F.3d at 98 (citing 29 C.F.R. § 1630.2(m))(collecting cases). Here, the Complaint alleges that Santana is certified by the New York State Education Department ("NYSED") in the areas of elementary and secondary education, special education and school media specialist. Ex. A. at ¶¶ 21-22. While Plaintiff alleges that the school media specialist certification "has essentially the same certification requirements" as a librarian position or a library media specialist, having "essentially the same" certification requirements is not the same as having the certification required to be assigned to a school librarian position.  Plaintiff Santana does not allege that the positions are the same, or that being certified as a "school media specialist" would qualify him to work as a school librarian. Indeed, Plaintiff's

own testimony at his 50-h examination makes clear that Plaintiff knew that he was not certified for the school librarian position.[3]

Finally, not only does Plaintiff fail to allege that he has the necessary certification requirements to be reassigned to a school librarian position, but he has also failed to allege any connection between the school librarian position and his disability, i.e., how this position would accommodate Plaintiff's disability.  In his Complaint, Plaintiff states that the position was more "sedentary" (Ex. A. at ¶ 59), however there are no allegations that plausibly suggest Plaintiff ever identified the need for a "more sedentary position," let alone this position, as a needed accommodation, or how such position would alleviate Plaintiff's difficulties with "locomotion." Ex A. at ¶ 54. As such, Plaintiff's allegation that the District failed to assign him to a librarian position as reasonable accommodation fails to plausibly state a claim for relief under the ADA. Accordingly, dismissal of such claim is warranted.

### ii.   *Request For Different Students*

In the Complaint, Plaintiff alleges that on or about October 9, 2019 he made a request for reasonable accommodations from the District which included a request from his physician, Dr. Curry, for Santana "to be placed with students with stable behavioral outlooks due to his injuries." Ex. A. at ¶¶ 52, 54. Plaintiff Santana alleges that, despite knowledge of these requested accommodations, "Principal Gonzalez ignored and refused to accommodate these requests, and Mr. Santana was told to teach in one classroom (room 118) with Mr. Duffy throughout the school year."  Ex. A. at ¶ 54.  However, the Complaint does not allege that Mr. Santana worked in classroom 118 during the 2019-2020 school year, when Mr. Santana apparently first made this accommodation request. Ex. A. at ¶¶ 50, 52, 60.  Rather, it appears from Plaintiff's Complaint that

---

[3] *See* Ex. B at pp.43-45, 59-63.

he co-taught with Mr. Duffy during the 2018-2019 school year, and there are no facts in the Complaint that indicate that Mr. Santana ever made a request to be placed "with students with stable behavioral outlooks" at any time prior to the 2019-2020 school year. Ex. A. at ¶ 38. Therefore, any claims by Plaintiff that this request for accommodation was denied during the 2018-2019 school year should be dismissed.

Even assuming, *arguendo*, Plaintiff had made this request at an earlier date, the facts in the Complaint completely undermine any argument by Plaintiff Santana that he is an "otherwise qualified" individual who is able to perform the essential functions of the job, either with or without a reasonable accommodation. *See Parisi v. Coca-Cola Bottling Co. of New York*, 995 F. Supp. 298, 303 (E.D.N.Y. 1998), aff'd, 172 F.3d 38 (2d Cir. 1999) (finding that failure to transfer plaintiff to another position did not result in ADA violation where plaintiff conceded he was unable to perform the essential functions of his former job). In this case, Santana alleges that he has worked as a special education teacher since at least September 2017. *See* Ex. A. at ¶¶ 27, 28, 38, 60, 61. However, Santana appears to admit that by his request to work with more "stable" students, he is unable to perform an essential function of his job, i.e., to teach special education students. Thus, Plaintiff fails to adequately allege that he can perform the essential functions of his job.

Moreover, similar to the librarian position, the Complaint fails to allege how a reassignment to work with different students would accommodate his knee injuries other than his fear that he might be injured by students with greater behavioral needs. For these reasons, Plaintiff has failed to allege plausible claims for discrimination based on a failure to accommodate his request to work with different students, and such claims warrant dismissal.

### iii. *Other Accommodation Requests*

Plaintiff's allegations about his other accommodation requests are equally implausible and

are confusing at best.  Mr. Santana alleges that he made certain accommodation requests on or about October 8, 2019, and this was his "second filing of reasonable accommodation forms with the District, having previously done so on March 18, 2018."  Ex. A. at ¶ 50.  However, nowhere in the Complaint does it allege what the March 2018 requested accommodations were for, or to whom those requests were made.  Rather, the only accommodation requests actually identified in the Complaint were purportedly made on October 8, 2019 and October 9, 2019, during the 2019-2020 school year.  Ex. A. at ¶¶ 52, 53, 62.  However, when Plaintiff alleges his requests were denied by Principal Gonzalez, he refers to having to work with Duffy in room 118, which he alleges occurred during the 2018-2019 school year.  See Ex. A. at ¶¶ 38, 40.  To add to the confusion, the Complaint later states, "[o]n or about November 4, 2019, nearly seven months after his initial request for reasonable accommodations from the District" Santana was notified by Jessica Graves that his requested accommodations were unreasonable. Ex. A. at ¶ 67.  However, there is no mention in the Complaint about any accommodations being requested by Santana in April or May 2019, which was "nearly" seven months prior to November 2019.  It is entirely unclear what accommodation requests were actually made, when, and whether those requests were actually denied.  Such contradictory allegations are insufficient to state a claim for relief that is "plausible on its face" and therefore should be dismissed. *Twombly*, 550 U.S. at 570.[4]

**B.  Plaintiffs' Retaliation Claims Are Equally Unavailing**

Both Plaintiffs also claim that they have been retaliated against under the ADA for, according to the Complaint, "filing protected discrimination charges with the SDHR and/or EEOC." Ex. A. at ¶ 147. To plead a retaliation claim sufficiently in an employment discrimination

---

[4] Given Plaintiff's failure to state a claim under the ADA for a failure to accommodate on behalf of Santana, Defendants submit that Santana's claim for injunctive relief (Plaintiff's Fourth Claim For Relief) should also be dismissed.

context, the Second Circuit has held that "the plaintiff must plausibly allege that: (1) defendants discriminated—or took an adverse employment action—against him, (2) 'because' he has opposed any unlawful employment practice." *Id.* at 90.  For an allegedly retaliatory action to be materially adverse, the plaintiff must show that the action 'could well dissuade a reasonable worker from making or supporting a charge of discrimination.' " *Lewis v. Boehringer Ingelheim Pharm., Inc.*, 79 F. Supp. 3d 394, 413 (D. Conn. 2015) (quoting *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006)).

The final element in a plaintiffs' prima facie case is to demonstrate a causal relationship between the protected activity and the adverse employment action. *See Jute v. Hamilton Sundstrand Corp.*, 420 F.3d 166, 173 (2d Cir. 2005). Causation can be shown either: "(1) indirectly, by showing that the protected activity was followed closely by discriminatory treatment, or through other circumstantial evidence such as disparate treatment of fellow employees who engaged in similar conduct; or (2) directly, through evidence of retaliatory animus directed against the plaintiff by the defendant." *Gordon v. N.Y. City Bd. of Educ.*, 232 F.3d 111, 117 (2d Cir. 2000).

The Complaint alleges that Plaintiff Duffy filed a complaint with the EEOC in 2011 and then again in January 2020, at which point Plaintiff had been out of work on medical leave since November 2019. Ex. A at ¶¶ 143-144.  In between that time span of almost nine years, according to the Complaint, Duffy encountered a number of issues regarding room assignments and class sizes.  To the extent Duffy is now claiming that these acts were retaliatory based upon his 2011 EEOC Complaint, those allegations must be dismissed because the Complaint is devoid of facts sufficient to plausibly suggest any causal link between them.

For example, the Complaint attributed most of the decisions identified in the Complaint to High School Principal Gonzalez who, the Complaint acknowledges, did not even become principal

until almost 5 months after Plaintiff filed his EEOC Complaint and Plaintiff does not allege that he has ever had a single conversation with Gonzalez about that EEOC complaint or that Gonzalez has ever made a single comment to Duffy or to anyone else about it.  Moreover, following a reference to an event in November 2011 (Ex. A. at ¶ 89), the Complaint does not allege that anything else disagreeable happened until September 2012, or over a year and a half after the EEOC complaint was filed.  Absent any facts suggesting a link to the April 2011 EEOC Complaint, Defendants submit, the Complaint is devoid of any facts sufficient to overcome the presumption against retaliation that is fostered by the lengthy gap in time between the two events, and the same holds true for all subsequent events, some of which took place over eight years after the April 2011 EEOC Complaint.  In short, Plaintiff's retaliation claim is based upon the existence of an EEOC Complaint in 2011 and the assertion, unsupported by any facts, that everything that took place in the nine years following must have been in retaliation for that complaint.  This assertion, which is wholly speculative and unsupported by any facts pled in the Complaint, should be rejected.

Similarly, Plaintiff Santana does not identify a single instance in which he allegedly complained about disability discrimination prior to the Complaint that was filed with the New York State Division of Human Rights ("NYSDHR") and the EEOC on April 1, 2019.  Ex. A. at ¶ 55.  As such, Santana cannot allege that he was retaliated against prior to that date.

With respect to any alleged retaliation claims after April 1, 2019, it is not clear from the Complaint which acts Plaintiff Santana alleges were done in retaliation for his EEOC and NYSDHR complaints.  Rather, Plaintiff's Complaint contains only broad, generalized allegations about retaliation, which are unsupported by the facts.  Therefore, Plaintiff's retaliation claims should be dismissed.

### C. **Hostile Work Environment**

Plaintiffs both claim the District subjected them to a hostile work environment "because of their disabilities." Ex. A at ¶ 147.  Plaintiffs also allege the District subjected Plaintiffs to "severe and pervasive hostile work environment insofar as, despite being aware of their disabilities…giving them assignments that required excessive walking and stair climbing, and repeatedly not accommodating their disability-related requests."  Ex. A at ¶ 148.

The Second Circuit has held that hostile work environment claims are cognizable under the ADA and are evaluated under the same framework as claims brought under Title VII. *Fox v. Costco Wholesale Corp.*, 918 F.3d 65, 73 (2d Cir. 2019).  A hostile work environment claim requires more than just the existence of a hostile work environment—it requires proof that those hostile acts were based on plaintiff's protected status (*e.g.,* his disability), rather than other reasons. *Kaytor v. Electric Boat Corp.,* 609 F.3d 537, 547 (2d Cir.2010).  A non-exclusive list of factors that courts consider in deciding whether a hostile work environment exists includes, "the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Id.*   Furthermore, the workplace must be "so severely permeated with discriminatory intimidation, ridicule, and insult that the terms and conditions of [the employee's] employment were thereby altered." *Alfano v. Costello*, 294 F.3d 365, 373 (2d Cir. 2002).  In the instant case, the Complaint fails to set forth those factors in behalf of either Plaintiff.

### 1. **Plaintiff Duffy**

Plaintiff Duffy's hostile work environment claims must be dismissed in the same manner as his claims for "failure to accommodate" his disability in violation of the ADA. *See* Defs.' Mem., Point II.A.1 at p. 6.  Namely, Plaintiff Duffy has not alleged any facts within the 300-day time

period which would support any allegations of a hostile work environment.  Therefore, any such claims should be dismissed.

### 2.  **Plaintiff Santana**

Plaintiff Santana does not allege which acts he believes created a hostile work environment. In the facts pertaining to Plaintiff Santana, the phrase "hostile educational environment" is mentioned one time at paragraph 64 of the Complaint, which states, "the email detailed the hostile educational environment of Room 142 which contained broken desks, chairs, broken computers and several piles of trash."  However, Plaintiff fails to allege that he was subjected to these poor working conditions because he is disabled, which is a required element for a hostile work environment claim.

As another example, Plaintiff refers to being assigned to Room 225, which was in "deplorable" condition. Ex. A at ¶ 31.  However, Plaintiff also alleges that other teachers were assigned to this room as "punishment" without specifying that those teachers were sent there for reasons related to disability or age. *Id*. This fact undermines any allegation by Plaintiff that he was subjected to differential treatment based on his age or disability.  Therefore, any such claims by Santana must also be dismissed.

## POINT III:   PLAINTIFFS' CLAIMS UNDER THE ADEA SHOULD BE DISMISSED

Plaintiffs' second claim for relief is asserted on behalf of both Plaintiffs based upon allegations that their rights were violated under the Age Discrimination in Employment Act ("ADEA").  Specifically, both Plaintiffs claim that they have been discriminated against and subjected to a hostile work environment and retaliated against for opposing age-based discrimination.  This claim should be dismissed because the Complaint contains absolutely no facts suggesting any link between the Plaintiffs' age and the alleged adverse actions.  Rather, the

Complaint identifies alleged adverse actions and asserts in an entirely conclusory fashion that those actions were due to the age of the Plaintiffs.  As is set forth herein, that is insufficient to establish a claim under the ADEA.

In order to state a claim under the ADEA, a plaintiff must allege:  that (1) he is within the protected age group; (2) he was qualified for the position; (3) he suffered an adverse employment action; and (4) the adverse action occurred under circumstances giving rise to an inference of discriminatory intent. *See Terry v. Ashcroft*, 336 F.3d 128, 137-38 (2d Cir. 2003) (finding that an "adverse employment action" is one that causes a "materially adverse change in the terms and conditions of employment.").  Moreover, a plaintiff must also assert that their age is the "but for" cause of the alleged adverse employment action.  *See Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167, 177 (2009)(recognizing that the ADEA requires a plaintiff to assert that her age is the "but-for" cause of the alleged adverse employment action) and cannot do so through conclusory assertions. *Nielsen v. Rabin*, 746 F.3d 58, 63 (2nd Cir. 2014)("[W]e are not required to credit conclusory allegations or legal conclusions couched as factual . . . allegations.")  In other words, and in keeping with the pleading requirements set forth in *Iqbal* and *Twombly* and their progeny, a plaintiff must do more than simply allege that they are over forty and anything that has happened is because of their age.  *See e.g. Irvine v. Video Monitoring Servs. of Am., L.P.*, No. 98-CV-8725, 2000 WL 502863, at *4 (S.D.N.Y. Apr. 27, 2000) (dismissing age discrimination claims where the plaintiff's "theory appears wholly based on a false syllogism: A) My co-workers hate me; B) I am old; C) My co-workers hate me because I'm old" (quoting *Crawford v. Medina Gen. Hosp.*, 96 F.3d 830, 836 (6th Cir. 1996))). "Where there is no reason to suspect that an employer's actions had anything to do with membership in a protected class, other than [the] plaintiff's bald assertion that [ ]he was a member of such a class, and the people who made decisions about [his] employment were not,

15

no claim is stated." *Ochei v. The Mary Manning Walsh Nursing Home Co.*, No. 10 CIV. 2548 CM RLE, 2011 WL 744738 at *3 (S.D.N.Y. Mar. 1, 2011) (citing *Yusuf v. Vassar Coll.*, 35 F.3d 709, 714 (2d Cir. 1994)).

### A. **Plaintiffs Fail to State Any Plausible Connection Between Alleged Discriminatory Acts and Their Age**

In the instant case, neither Plaintiff identifies specific adverse actions that they claim were taken because of their age and instead Plaintiffs refer to a litany of grievances which they attribute to either age or disability.  And while Plaintiffs are certainly permitted to plead alternative causes for alleged discrimination, that does not excuse Plaintiffs from their obligation to set forth plausible facts suggesting a "but for" causal connection to their ages.  *Scalercio-Isenberg v. Morgan Stanley Servs. Grp. Inc.*, No. 19-CV-6034 (JPO), 2020 WL 4547317, at *3 (S.D.N.Y. Aug. 6, 2020)("Further, she again does not allege any facts suggesting that her age was the "but for" cause of the decision not to hire her . . . Plaintiff's gender and age discrimination claims continue to rely entirely on conclusory and speculative allegations, which, once again, are insufficient to survive a motion to dismiss.")(citing *Memnon v. Clifford Chance US, LLP*, 667 F. Supp. 2d 334, 343 (S.D.N.Y. Oct. 27, 2009) (concluding that a plaintiff's "speculations, generalities, and gut feelings ... not supported by specific facts, do not allow for an inference of discrimination to be drawn.")

Plaintiffs' Complaint contains no such allegations let alone facts that plausibly support such an assertion.  Indeed, the only times the Plaintiffs' ages are mentioned at all in the Complaint are in paragraphs 17 and 79 which identify them as over forty years old, and in Paragraphs 150-151 in which they assert that they have been discriminated against due to age.[5]  In between those

---

[5] It is also worth noting that the Complaint acknowledges that both Plaintiffs were over forty when they were hired by the District, a fact that tends to undermine any claims for age discrimination.  *See e.g. Soto v. Marist Coll.*, No. 17-CV-7976 (KMK), 2019 WL 2371713, at *14 (S.D.N.Y. June 5, 2019)("Indeed, Plaintiff, who was born in 1950, (*see* Am. Compl. 4), was already a member of the age group protected by the ADEA when he was hired, further undermining any possible inference of age discrimination relating to his termination.").

paragraphs, the Complaint does not make a single reference to statements made about their ages or, perhaps more importantly, incidents in which they were treated differently from similarly situated younger employees with the exception of a passing reference to a "younger colleague" who, according to Plaintiffs, is "a favored math teacher."   The Complaint offers no other information to elaborate on this assertion nor does it offer any examples of how this colleague has been treated differently from Plaintiffs in ways that would raise an inference of discrimination.  In short, the Complaint is devoid of any grounds to sustain a claim under the ADEA and so this claim should be dismissed.

### B. Hostile Work Environment

As with Plaintiffs' discrimination claims, in order to support their claims of an alleged hostile work environment Plaintiffs were required to not only identify actions sufficient to have created a hostile work environment but also assert facts linking those actions to their ages.  *See Brennan v. Metropolitan Opera Ass'n, Inc.*, 192 F.3d 310, 318 (2d Cir.1999) (To bring a hostile work environment claim, a plaintiff must establish that she was subjected to hostility "because of her membership in a protected class.").  The Complaint is devoid of any such allegations.

First, and as with Plaintiffs' claims of a hostile work environment based upon disabilities, Plaintiffs have failed to plead facts sufficient to establish that they were subjected to a hostile work environment as opposed to a series of employment decisions with which they disagreed.  As such, the Complaint fails to establish the first element of a hostile work environment claim under the ADEA.  *See e.g.*, *Laface v. E. Suffolk BOCES*, No. 218CV01314ADSAKT, 2019 WL 1959489, at *3 (E.D.N.Y. May 2, 2019) (dismissing hostile work environment claim where plaintiff failed to plead he was subjected to hostility because of his age).

Second, nowhere in the Complaint do Plaintiffs identify any statements made by anyone

in the District regarding their age, nor does the Complaint identify a single alleged adverse action as an example of differential treatment as compared to younger employees.  In short, Plaintiffs have not asserted a single fact to suggest that the alleged hostile work environment, assuming that they have established that facet of their claim, can be attributed to their age.  As such, the claim should be dismissed.

### C. <u>Retaliation</u>

Both Plaintiffs also claim that they have been retaliated against under the ADEA or, in other words, for opposing discrimination based upon their age.  As such, Plaintiffs were required to plead facts showing that they engaged in protected activity prior to the alleged adverse actions. *Slattery v. Swiss Reinsurance Am. Corp.*, 248 F.3d 87, 94 (2d Cir. 2001), as amended (June 6, 2001) (quoting *Holt v. KMI–Continental, Inc.*, 95 F.3d 123, 130 (2d Cir. 1996)).  The Complaint, however, does not do so.  For example, the Complaint alleges that Plaintiff Duffy filed a complaint with the EEOC in 2011 however that complaint did not allege age discrimination (Ex. A at ¶ 83), and the Complaint does not identify a single instance in which Duffy complained about age discrimination prior to the Complaint that was filed with the EEOC on January 23, 2020, at which point Plaintiff had been out of work on medical leave since November 2019.[6]  As such, Duffy cannot allege that he had been retaliated against under the ADEA prior to January 23, 2020.

Similarly, Plaintiff Santana does not identify a single instance in which he allegedly complained about age discrimination prior to the Complaint that was filed with the New York State Division of Human Rights on April 1, 2019.  Ex. A at ¶ 55.  As such, Santana cannot allege

---

[6]        *See* Ex. A at ¶¶ 143-144.  Notably, the Complaint does not even specify whether that EEOC Complaint contained an allegation regarding age discrimination nor does the Complaint allege that the Complaint was ever served on an appropriate party within the District.  As such, the Complaint fails to establish whether Complainant has ever engaged in protected activity under the ADEA or whether Defendants were ever made aware of that alleged protected activity.

that he was retaliated against prior to that date. With respect to any alleged retaliation claims after April 1, 2019, it is not clear from the Complaint which acts Plaintiff Santana alleges were done in retaliation for his EEOC and NYSDHR complaints.  Rather, Plaintiff's Complaint contains only broad, generalized allegations about retaliation based upon age, which are unsupported by the facts.  Therefore, Plaintiff's retaliation claims should be dismissed.

## POINT IV:   PLAINTIFF DUFFY'S CLAIMS UNDER THE NYSHRL SHOULD BE DISMISSED

The Third claim for relief in Plaintiffs' Complaint seeks relief on behalf of Plaintiff Duffy for the alleged violation of his rights under the New York State Human Rights Law and it is asserted against all Defendants.  This claim should be dismissed.  First, the claims should be dismissed due to Plaintiff's failure to comply with the notice requirements of New York State Municipal and Educations Laws.  Second, the claims are insufficiently pled for the same reasons as the Plaintiff's Federal Law claims are lacking.  Finally, even if some of these allegations are allowed to proceed, they should be dismissed as to the individual Defendants.

### A.    Plaintiff Has Not Complied With The Notice Requirements Of New York State Municipal And Education Laws

New York General Municipal Law §50-e requires that any individual with a claim against a municipality serve a Notice of Claim containing (1) the name and address of each claimant and their attorney; (2) the nature of the claim; (3) the time when, the place where, and the manner in which the claim arose, and (4) the damages or injuries alleged to have been sustained.  See N.Y. General Municipal Law §50-e.  Moreover, "Compliance with the notice of claim requirement "falls within the threshold jurisdiction of the court" (*Hey v. Town of Napoli*, 265 A.D.2d 803, 695 N.Y.S.2d 643 (4th Dept. 1999)(citing *Matter of United Nations Dev. Corp. v. Norkin Plumbing Co.*, 45 N.Y.2d 358, 363, 408 N.Y.S.2d 424 (1978)(notices of claim are conditions precedent that

fall within the threshold jurisdiction of the court))).

Similarly, under the New York State Education Law § 3813(1), a plaintiff must "file a notice of claim prior to any action against a school district or its officers, to be presented within three months of the date when the claim arose." *Peterson v. New York City Dep't of Educ.*, No. 18-CV-1515 (ILG), 2020 WL 2559835, at *11 (E.D.N.Y. May 20, 2020); N.Y. Educ. Law § 3813(1). The notice of claim requirement applies to claims of discrimination against school districts under the NYCHRL and NYSHRL. *See, e.g., United States v. New York City Dep't of Educ.,* No. 16-CV-4291 (LAK) (JCF), 2017 WL 435940, at *6 (S.D.N.Y. Jan. 31, 2017) (citations omitted), *adopted by* 2017 WL 1319695 (S.D.N.Y. Apr. 4, 2017). "[F]ailure to plead compliance with a notice of claim requirement constitutes a defect warranting dismissal of a complaint on the ground that it fails to state a cause of action." *Belpasso v. City of New York*, No. 07-CV-3627 (SHS) (DCF), 2008 WL 2676579, at *6 (S.D.N.Y. July 2, 2008) (internal quotation omitted); *Weisel v. City of New York*, 24 Misc. 3d 1224(A), 897 N.Y.S.2d 673 (Sup. Ct. 2009)("To the extent that plaintiff's fourth cause of action can be construed as asserting State Law or City Law discrimination claims (i.e., Executive Law § 296; Administrative Code of City of N.Y. § 8–107), it cannot be maintained for failure to comply with the notice of claim requirement of Education Law § 3813(1)"); *Falchenberg v. New York City Dept. of Educ.,* 375 F Supp 2d 344, 350 (S.D.N.Y.2005). ("There is no question that employment discrimination is included within the umbrella of [Education Law] § 3813")

In the instant case, the Complaint is devoid of any representation that Duffy provided notice to the District of his claims under the NYSHRL.  As such, they should be dismissed.

**B.   <u>The Complaint Fails To State A Claim Under The NYSHRL</u>**

As set forth in Defendants' Memorandum at Point II.A.1 at p. 6, Plaintiff Duffy has failed

to allege plausible disability discrimination claims in violation of the ADA. *See Camarillo v Carrols Corp.*, 518 F3d 153, 158 (2d Cir. 2008) (holding that scope of disability discrimination provisions of the NYSHRL are similar to those of Americans with Disabilities Act and Section 504 of the Rehabilitation Act of 1973); *see also Rodal v. Anesthesia Group of Onondaga, P.C.*, 369 F.3d 113, 117 n. 1 (2d Cir. 2004) ("New York State disability discrimination claims are governed by the same legal standards as federal ADA claims.").  As such, Plaintiff Duffy also cannot assert viable NYHRL claims.

### C.    The Claims Against The Individual Defendants Should Be Dismissed

The NYSHRL does allow for individual liability for employers where an "employer" is defined as individuals with ownership interest or supervisors, who themselves, have the authority to hire and fire employees" (*Malena v. Victoria's Secret Direct, LLC*, 886 F. Supp. 2d 349, 365–66 (S.D.N.Y. 2012)) and, under the aiding and abetting provision of the NYSHRL, for individuals who are not employers but who "actually participate[s] in the conduct giving rise to a discrimination claim." *Rojas v. Roman Catholic Diocese of Rochester*, 660 F.3d 98, 106 n.10 (2d Cir. 2011).  In the instant case, none of the individual Defendants other than Dr. Hamilton can be considered "employers" under the NYSHRL as none had the authority to hire or fire Plaintiff. N.Y. Education Law § 2554(2); *see also Xiang v. Eagle Enterprises, LLC*, No. 19 CIV. 1752 (PAE), 2020 WL 248941, at *6 (S.D.N.Y. Jan. 16, 2020)(dismissing claims against certain individual defendants where plaintiff did not plead that the individuals had the power to hire or fire her, or that such individuals had any ownership in the company).

Additionally, even if the Court is inclined to view any of the individual Defendants as an "employer," the Complaint is devoid of facts supporting the allegation that any of them, including Dr. Hamilton, aided or abetted any of the discrimination or retaliation alleged in the Complaint.

### i.   Denise Gagne-Kurpiewski

Ms. Gagne-Kurpiewski is identified in Paragraph 14 of the Complaint as having been the Assistant Superintendent for Human Resources.   That is the only reference to Ms. Gagne-Kurpiewski in the entire Complaint and Plaintiffs do not identify her as having been responsible for or otherwise involved in any of the decisions discussed in the Complaint regarding Plaintiff Duffy.  Defendants submit that the Complaint therefore fails to plead facts sufficient to sustain any of Plaintiff Duffy's NYSHRL claims against Ms. Gagne-Kurpiewski based upon an aiding and abetting theory. *See Xiang*, 2020 WL 248941, at *6 (dismissing claims against individual where plaintiff failed to plead sufficient facts to establish that individual "actually participate[d] in the conduct giving rise to a discrimination claim").[7]

### ii.   Kenneth Hamilton

Paragraph 10 of the Complaint identifies Dr. Hamilton as the District's Superintendent during the relevant time period and, in Paragraph 32 of the Complaint, Plaintiffs allege that almost immediately after speaking to Dr. Hamilton about his concerns regarding his classroom assignment, Plaintiff Santana was assigned to a different room.   Additionally, Paragraph 131 of the Complaint alleges that Dr. Hamilton granted an appeal by Duffy of an evaluation rating and increased his score.   Defendants submit that none of these allegations identify an adverse action that was either taken or aided and/or abetted by Dr. Hamilton.  The Complaint is also devoid of any facts suggesting any animus on the part of Dr. Hamilton.  As such, any claims against Dr. Hamilton based upon an aiding and abetting theory should be dismissed.

### iii.  Felicia Gaon

Notably, the Complaint does not allege a single fact regarding actions taken by Dr. Gaon

---

[7] Additionally, Plaintiffs never actually served Ms. Gagne-Kurpiewski in this action. Accordingly, pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure, such claims against her should be dismissed.

involving Duffy nor does the Complaint suggest that Dr. Gaon was involved in any decisions regarding Duffy.  As such, any claims asserted against Dr. Gaon should be dismissed.

### iv.  Ronald Gonzalez

As set forth in the Complaint, Mr. Gonzalez was the Principal of the High School during the relevant time period.  At no point does the Complaint allege that Mr. Gonzalez ever made any comments about Duffy's age or disability nor does the Complaint identify any similarly situated Teachers who were treated differently by Mr. Gonzalez.  As such, Defendants submit that the Complaint does not contain any facts suggesting that Mr. Gonzalez aided or abetted discrimination or retaliation based upon Plaintiff Duffy's age or disability.  Moreover, to the extent Plaintiff seeks to impugn Gonzalez's decisions to his own motivations rather than aiding and/or abetting others, those claims should also be dismissed because it is well settled that an individual cannot aid or abet their own discriminatory or retaliatory acts. *See Boonmalert v. City of New York*, 721 F. App'x 29, 34 (2d Cir. 2018) ("an individual cannot aid and abet their own discriminatory conduct"); *Jeanty v. Precision Pipeline Solutions, et al*, No. 18 CV 7721 (VB), 2019 WL 3532157, at *6 (S.D.N.Y. Aug. 2, 2019); *see also Strauss v. New York State Dep't of Educ.*, 26 A.D.3d 67, 73, 805 N.Y.S.2d 704, 709 (3rd Dept. 2005) ("Where no violation of the Human Rights Law by another party has been established, we find that an individual employee cannot be held liable for aiding or abetting such a violation… we hold that individuals cannot be held liable under Executive Law § 296(6) for aiding and abetting their own violations of the Human Rights Law").

### v.  Pauline Palmer-Pearce

Paragraph 12 of the Complaint identifies Ms. Palmer-Pearce as an Assistant Principal in the District's High School, and Plaintiffs allege in their Complaint that Ms. Palmer-Pearce was involved in classroom and class assignments (Ex. A at ¶¶ 40 and 63-64) and was not sufficiently

responsive to inquiries regarding coverage (Ex. A at ¶ 47) although, as pointed out above, it is not clear from the Complaint how those issues were related to Duffy's disabilities. The Complaint also alleges that Plaintiff Duffy disagreed with evaluations of his performance made by Ms. Palmer-Pearce. (Ex. A at ¶ 141). The Complaint offers no basis to suggest that those actions were taken because of Duffy's age or disability, or that Ms. Palmer-Pearce took those actions to aid or abet the discriminatory motives of others. Similarly, the Complaint is devoid of any facts suggesting that Ms. Palmer-Pearce aided or abetted the retaliatory motives of others. Indeed, the observation referenced in Paragraph 141 of the Complaint took place prior to Plaintiff Duffy's January 2020 EEOC Complaint and almost eight years after the 2011 Complaint.

In short, the Complaint identifies grievances that Plaintiffs had with decisions made by Ms. Palmer-Pearce and then concludes without any factual support that those decisions should be attributed to discriminatory and/or retaliatory motives. Defendants submit that such conclusory assertions are insufficient to state a claim against Ms. Palmer-Pearce under an aiding or abetting theory.

### vi. Erica Naughton

Ms. Naughton is identified in Paragraph 15 of the Complaint as the Mathematics Supervisor in the High School, and the Complaint later alleges that she was involved in class assignments (Ex. A at ¶ 40) and an attempt to place Duffy on a Teacher Improvement Plan (Ex. A at ¶ 113) although the Complaint does not allege that he was ever actually placed on such a plan. The Complaint offers no basis to suggest that those actions were taken because of Plaintiff Duffy's age or disability, or that Ms. Naughton took those actions to aid or abet the discriminatory motives of others. Similarly, the Complaint is devoid of any facts suggesting that Ms. Naughton aided or abetted the retaliatory motives of others. In short, the Complaint identifies grievances that Plaintiff

Duffy had with decisions made by Ms. Naughton and then concludes without any factual support that those decisions should be attributed to discriminatory and/or retaliatory motives.  Defendants submit that such conclusory assertions are insufficient to state a claim against Ms. Naughton under an aiding or abetting theory.

### vii.  Satish Jagnandan

Defendant Jagnandan is identified in Paragraph 16 of the Complaint as having been the Districtwide Supervisor of Mathematics and Science during the relevant time period.  It is then alleged in Paragraph 105 of the Complaint that, while observing a different Teacher in 2015, Mr. Jagnandan mistakenly referred to Plaintiff Duffy and misspelled his name.   The Complaint does not set forth any facts linking this incident to Duffy's age or disability other than his assertion that this was the case.  Moreover, the Complaint also fails to set forth a single fact establishing how the evaluation constituted an adverse action – indeed the Complaint does not even suggest that this evaluation had any impact upon Duffy given that it was an evaluation of a different teacher – or that it was linked in any way to the EEOC complaint filed in 2011, or four years prior.  Defendants submit that the Complaint is therefore devoid of facts sufficient to sustain this claim against Defendant Jagnandan.

### <u>CONCLUSION</u>

For the reasons stated herein, Defendants respectfully request that the Plaintiffs' claims against the Defendants be dismissed in their entirety, with prejudice, and for other such and further relief as the Court deems just and proper.

Dated:  White Plains, New York
        September 30, 2020

                        Respectfully Submitted,

                        **SILVERMAN & ASSOCIATES**

                        By: _____

                            Gerald S. Smith
                            Amanda E. D'Amico
                            Attorneys for Defendants
                            445 Hamilton Avenue, Suite 1102
                            White Plains, New York 10601
                            (914) 574-4510

To:     **VIA ECF and EMAIL**

        Brian Glass, Esq.
        GLASS HARLOW & HOGROGIAN LLP
        Attorneys for Plaintiffs
        bglass@ghnylaw.com